**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ADAM TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | Case No. CV 14-08146 AG (RAO)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Answer, all of the records and files herein, and the Magistrate Judge's Report and Recommendation ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Defendant objected. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

The Commissioner argues in her objections that the Magistrate Judge erred when she found that a limitation to simple, repetitive tasks does not capture moderate deficiencies of concentration, persistence, or pace. *See* Defendant's Objections ("Def. Obj.") at 1-2, Dkt. No. 20. The Commissioner argues that the Magistrate Judge's analysis is contrary to *Stubbs-Danielson v. Astrue*, 539 F.3d

1169 (9th Cir. 2008), because, according to the Commissioner, "[a]s in *Stubbs*, the ALJ here properly translated Plaintiff's mental limitations in the areas of pace, attention, and concentration into the residual functional capacity for simple, repetitive work." Def. Obj. at 3. The Court disagrees.

In *Stubbs–Danielson*, the Ninth Circuit Court of Appeals held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id*. at 1174. There, the record contained some evidence of the claimant's slow pace, but the only concrete functional limitation provided by the medical sources was that the claimant could perform "simple tasks." *Id*. at 1173–74. As a result, the ALJ formulated an RFC that limited the claimant to "simple, routine, repetitive sedentary work." *Id*. at 1173. The Court of Appeals concluded that the ALJ did not err in that formulation of the RFC and, as a result, did not err in formulating hypothetical questions to the vocational expert.

This case is more analogous to *Brink v. Comm'r. of Soc. Sec. Admin.*, 343 F. App'x 211 (9th Cir. 2009), which distinguished *Stubbs–Danielson*. Although *Brink* is an unpublished decision and thus only of persuasive value, it is instructive in regards to how it distinguished *Stubbs–Danielson*. In finding error and rejecting the Commissioner's argument premised on *Stubbs–Danielson*, the Court of Appeals reasoned:

> In *Stubbs–Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), we held that an "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony." *Id*. at 1174. The medical testimony in *Stubbs–Danielson*, however, did not establish any limitations in concentration, persistence, or pace. Here, in contrast, the medical evidence establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace.

*Stubbs–Danielson*, therefore, is inapposite. *Id*. at 212. The undersigned finds that the reasoning of *Brink* is persuasive and supports a conclusion that *Stubbs–Danielson* does not control this case. *See also Betancourt v. Astrue*, 2010 WL 4916604, at *3–4 (C.D. Cal. Nov.27, 2010) (where the ALJ accepted medical evidence of plaintiff's limitations in maintaining concentration, persistence, or pace, a hypothetical question to the VE including plaintiff's restriction to "simple, repetitive work" but excluding plaintiff's difficulties with concentration, persistence, or pace resulted in a VE's conclusion that was "based on an incomplete hypothetical question and unsupported by substantial evidence."); *Melton v. Astrue*, 2010 WL 3853195, at *8 (D. Or. Sep. 28, 2010), *aff'd. sub nom. Melton v. Comm'r Soc. Sec. Admin.*, 442 F. App'x 339 (9th Cir. 2011) (ALJ erred in her assessment of plaintiff's RFC where the assessment included plaintiff's restriction to simple, repetitive tasks, but did not include plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace); *Cavanaugh v. Colvin*, 2014 WL 7339072, at *3 (D. Ariz. Dec. 23, 2014) ("In *Stubbs-Danielson*, the ALJ did not make an explicit finding that the claimant had pace limitations … In contrast, in Cavanaugh's case, the ALJ made a finding that she had a concentration, persistence, or pace deficiency"); *Juarez v. Colvin*, 2014 WL 1155408, at *7 (C.D. Cal. Mar. 20, 2014) ("Here, the ALJ expressly found, consistent with the opinion of a state agency review physician, that plaintiff had moderate limitation in maintaining concentration, persistence, and pace … Accordingly, under *Brink*, whose reasoning the Court finds persuasive, the ALJ's RFC determination should have included not only the limitation to unskilled work but also a moderate limitation in maintaining concentration, persistence, and pace.").

In this case, as in *Brink*, the ALJ accepted evidence of Plaintiff's moderate deficiencies of concentration, persistence or pace and expressly found a functional limitation resulting in failure to complete tasks in a timely manner, but the RFC

only included a limitation to "perform no more than simple, repetitive tasks; perform no jobs requiring any contact with the public or more than occasional interactions with co-workers and supervisors." (AR 30.) That RFC is materially incomplete in light of the evidence in the record and the ALJ's own findings, particularly in light of the fact that Plaintiff's concentration and pace limitations are attributable to his ADHD, which was disabling under the childhood standards, and his simple task limitation is attributable to his borderline intellectual functioning, a distinct severe impairment.

The Commissioner also argues that "the moderate impairment in the ability to maintain attention and concentration and in the ability to complete normal workday is not a limitation sufficiently severe to require vocational expert testimony," relying on *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007). Def. Obj. at 4. In *Hoopai*, the Ninth Circuit held that "an ALJ is required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable *to the particular case*," and that, "*in this case*, substantial evidence supports the ALJ's conclusion that the depression was not a sufficiently severe non-exertional limitation that prohibited the ALJ's reliance on the grids without the assistance of a vocational expert." *Hoopai*, 499 F.3d at 1076-77 (emphasis added). Unlike in *Hoopai*, the ALJ here attributed a specific functional limitation to Plaintiff's moderate deficiency in concentration, persistence, or pace—inability to complete tasks in a timely manner—and took the testimony of a vocational expert regarding Plaintiff's other non-exertional limitations, which shows that the ALJ found Plaintiff's non-exertional limitations to be sufficiently severe to make the grids inapplicable. Accordingly, the hypothetical question presented to the vocational expert should have been based on an RFC including all of the functional limitations found by the ALJ. *See Brink*, 343 F. App'x at 212 ("The hypothetical question to the vocational expert should have included not only the limitation to 'simple, repetitive work,' but

1 also Brink's moderate limitations in concentration, persistence, or pace."); *see also*
2 *Perkins v. Colvin*, 45 F. Supp. 3d 1137, 1155 (D. Ariz. 2014) ("Because Plaintiff
3 had non-exertional limitations[, including moderate limitations in concentration,
4 persistence, and pace,] that are not adequately accounted for in the Grids, the ALJ
5 was required to obtain the testimony of a vocational expert");*Cavanaugh*, 2014 WL
6 7339072, at *5 ("a moderate limitation in pace is sufficiently severe to require the
7 testimony of a [vocational expert]").

8 The Court finds that the Commissioner's argument does not affect or alter the
9 analysis and conclusions in the Report.  IT IS THEREFORE ORDERED that the
10 decision of the Commissioner denying benefits is REVERSED and this matter is
11 REMANDED to the Commissioner for further administrative actions consistent
12 with this order.

14 DATED:  November 30, 2015

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

5